MINNESOTA VALLEY MEMORIAL HOSPITAL, INC. v.
ROLAND KRANZ.

169 N. W. (2d) 400.

July 3, 1969—No. 41093.

*Gault, MacKenzie & Gustafson* and *Malcolm K. MacKenzie,* for appellant.

*Arthur E. Anderson,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.

Plaintiff hospital has recovered the sum of $397 for services rendered defendant's unemancipated son. Defendant contends that the services he authorized have a value of only $150 and the balance represents the cost of X rays which he expressly directed his doctor not to obtain. The trial court found the charges to be necessary and reasonable and held that defendant should have terminated his relationship with the doctor and the hospital if he wished to avoid liability. Defendant appeals from the judgment.

On December 10, 1964, defendant's minor son, Steven, was injured in an airplane accident. He was brought to the hospital as an emergency patient. The hospital assigned Dr. V. P. George, Jr., to act as Steven's attending physician. Defendant testified that at about 2 p.m. on December 10 he called Dr. George and advised him not to take X rays. Although defendant saw Dr. George at the hospital that same evening, there was no further discussion about the tests to be given. The following morning, December 11, the X rays here in dispute were taken. That night defendant confronted the doctor and charged him with violating express instructions.

Dr. George testified that his progress notes showed he discussed with defendant the results of the X rays at about 10 o'clock the night of December 11. In that conversation defendant informed the doctor about

"the lethal effects of X-ray, their relationship to the atomic bomb and nuclear warfare, Hiroshima and World War II, and the fact that further X-rays on this patient were entirely unnecessary and would actually be dangerous to the patient." Defendant then advised the doctor he would remove his son from the hospital the following day. No further tests were conducted. The doctor concluded by saying that prior to 10 p. m. on December 11 he had received no directions forbidding X rays.

There is no evidence that the hospital authorities were aware of any restriction on the taking of X rays. They had a right to rely on the directions of Dr. George with respect to the care, treatment, and examinations to be given his patient. While it is true that in this emergency situation the hospital assigned Dr. George to act as attending physican for defendant's son, nevertheless, defendant, having accepted this arrangement, was thereafter bound by the doctor-patient relationship.

Clearly a patient is liable to the hospital for ordinary, routine services which are prescribed by his doctor in connection with his treatment. Unless the hospital has knowledge of express limitations on the doctor's authority, it has a right to assume the patient has consented to whatever treatment the doctor directs. Mesedahl v. St. Luke's Hospital Assn. 194 Minn. 198, 204, 259 N. W. 819, 822; Kennedy v. Parrott, 243 N. C. 355, 362, 90 S. E. (2d) 754, 759, 56 A. L. R. (2d) 686; 1A Dunnell, Dig. (3 ed.) § 157; Annotation, 69 A. L. R. (2d) 305, 325; Restatement, Agency (2d) § 161.

The judgment of the trial court is therefore affirmed but without costs to either party.

Affirmed.